UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID JANKOWSKI, *et al.*<br><br>    Defendants, | Case No. 24-mc-50222<br>Honorable Laurie J. Michelson |

**ORDER DENYING IN PART PETITIONERS' EMERGENCY MOTION FOR RELEASE OF FUNDS HELD IN ESCROW FROM SALE OF MAPLE GARDEN APARTMENTS [6]**

On July 11, 2022, David Jankowski was found guilty of (1) conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; (3) unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and (4) health care fraud, in violation of 18 U.S.C. § 1347. He was sentenced to 240-months' imprisonment and ordered to pay $5.2 million in restitution to Medicare. (*See USA v. Jankowski*, No. 17-20401, ECF No. 253, PageID.4698.) A final order of forfeiture was also entered in the amount of $35 million. (*Id.* at ECF No. 238.)

Numerous lawsuits have arisen in connection with the government's collection efforts to satisfy these criminal monetary penalties. Various third parties, including David Jankowski's wife, children, and mother, believe the government is

overreaching and does not have the power to place liens on their property and membership interests in various LLCs. In essence, their position is that the government can only encumber *David's* interests and not *their* interests. The government believes that with respect to certain properties and entities, the family members and third parties are simply nominees or alter egos of David.

In the present matter, Petitioners—David's mother, wife, children, and a number of other third-party LLC entities—brought a miscellaneous case in which they filed a Motion to Release and/or Narrow Government Liens on Real Property Subject to Restitution Order. (ECF No. 1.) The government responded to that motion (ECF No. 7) and Petitioners filed a reply (ECF Nos. 10, 14).

One property at issue in this motion is the Maple Garden Apartments. (ECF No. 1.) In 2007, David Jankowski acquired a 100% interest in Maple Gardens Association LLC ("MGA"), the entity that owned the apartments. But on or about January 11, 2016, David allegedly transferred "for good and valuable consideration" a 25% membership interest in MGA to his son Stephen Jankowski, a 24% interest to his wife Paula Jankowski, and a 13% interest to his children Alex and Jenna Jankowski. (ECF No. 9, PageID.91–92.) The apartments were ultimately sold in May 2023. Around that time, the parties to this case stipulated to hold the $2.6 million in sale proceeds in escrow while they litigated entitlement to these funds. (*Id.* at PageID.89.)

While Petitioners' initial motion was pending, they filed a separate emergency motion seeking to have their purported shares of the proceeds from the sale of Maple

2

Garden Apartments immediately released from escrow. (ECF Nos. 6, 16.) Petitioners argued that since the filing of the initiating motion "an urgent issue arose, namely, that capital gains taxes owed by the members of Maple Gardens Association, LLC, namely, Third Parties, Paula, Stephen, Alex and Jenna Jankowski are due." (ECF No. 6, PageID.51.) And, they continued, "[w]ithout the release of the funds held by the government, the Third Parties are unable to pay their taxes due to the Internal Revenue Service ("IRS") and State of Michigan on April 15, 2024. If the taxes are not paid, additional penalties (as high as 25% of the taxes owed) and interest will start accruing." (*Id.*)

The prior presiding judge ordered the parties to submit supplemental briefing on the issue of distribution of the Maple Garden funds (ECF No. 8) and the parties complied (ECF Nos. 9, 11). Of course, in deciding whether to release the funds to Petitioners, the Court needed to first determine whether Petitioners had a legitimate interest in the funds—especially since the government argued they did not and opposed the motion. Accordingly, the parties' briefing addressed the central inquiry of whether David remained the true owner of all of MGA such that Petitioners were simply his nominees or alter-egos and thus not entitled to a share of the proceeds. (*See* ECF Nos. 9, 11.)

This Court, following reassignment of the case, scheduled the emergency motion for hearing on December 20, 2024. (ECF No. 24.) The Court directed that Stephen Jankowski be present to provide additional testimony about the acquisition of his interest in MGA. (*Id.*)

3

For the reasons stated more fully on the record during the Court's oral ruling, Petitioners' emergency motion for the release of proceeds (ECF No. 6) is DENIED IN PART. The Court finds that, with respect to MGA, Paula, Alex, and Jenna Jankowski are nominees of David Jankowski such that they do not have a legal interest in the proceeds from the sale of the Maple Garden Apartments. Accordingly, the Court DENIES their request for the immediate release of proceeds held in escrow. The portion of the motion pertaining to Stephen Jankowski's interest is taken under advisement and will be addressed in a separate order.

SO ORDERED.

Dated: December 23, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE